PER CURIAM.
This disciplinary proceeding is before us on the complaint of The Florida Bar and the report of the referee. In accordance with article XI, Rule 11.06(9)(b), of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. The Florida Bar now seeks review of the report of the referee.
Respondent was involved in numerous questionable and complex business transactions. A simplified version of the relevant facts as found by the referee follows.
Count I
Respondent received $124,783.44 as trustee for his client, Betty Holt. An oral trust was formed whereby respondent was to send monthly payments to Mrs. Holt. Respondent made these payments to Mrs. Holt until her death in September, 1979.
When deposits of the trust were placed in respondent’s trust account, $10,000 was never deposited, and there are no receipts to account for the missing money. Respondent has limited recollection of where the money went.
Following Mrs. Holt’s death, monthly payments were made to Nancy Bennett (later Naylor), Mrs. Holt’s daughter, as a joint tenant with the right of survivorship in the trust funds. After several months, Mrs. Bennett began receiving payments on an irregular basis. Mrs. Bennett subsequently requested an accounting. Respondent’s response to the request for an accounting was inadequate. Mrs. Bennett was forced to file a lawsuit in order to get an accounting from respondent.
The accounting showed that numerous questionable loans and payments were made from the trust fund. Respondent used the trust funds to lend money to Horace Allen, Jr., and his corporations, despite the fact that respondent was Allen’s attorney, kept Allen’s records, and realized Allen’s precarious financial situation. Respondent was running loans from the trust to Allen through respondent’s bowling alley so that Allen could accomplish creditor avoidance. Respondent was lending money from the trust fund to an Allen corporation which was not even a functioning corporation. Additionally, respondent moved $45,-000 in trust funds to Paul Osborne for an alleged condominium sale, which the real estate records do not support, and which *239 was allegedly returned one week later for a loan to Horace Allen, Jr.
Respondent’s “investment” of the trust fund caused substantial loss of monies to the trust beneficiary.
Count II
Respondent represented Robert Lee Simon. Simon signed various documents involving numerous parties which ultimately led to mortgages against Simon and his howling alley. Simon was unaware that the documents provided for financing to construct a bowling alley in which the respondent was the sole owner and Simon had no interest. Further, respondent acted as an attorney for Simon during financial transactions between Simon and a corporation in which respondent was the sole shareholder.
As to Count I, the referee recommends that respondent be found guilty of violating the following disciplinary rules of the Code of Professional Responsibility: Rules 1 — 102(A)(4); 1-102(A)(6); 5-101(A); 5-104(A); 7-101(A)(3); 9-102(B)(3); 9-102(B)(4). In addition, the referee found that respondent’s handling of the trust is a violation of article XI, Rule 11.02(4)(b), Integration Rule of The Florida Bar.
As to Count II, the referee recommends that respondent be found guilty of violating the following Disciplinary Rules of the Code of Professional Responsibility: Rules 5-101(A); 5-104(A); 5-105(B).
The referee recommends that respondent be suspended for a fixed period of eighteen months, and thereafter, until he shall prove his rehabilitation and pay the cost of this proceeding and make restitution to Nancy Naylor, his former client, in the amount of $35,000.00, and $69,000.00 to Robert L. Simon, his former client, as provided in rule 11.10(4). The referee also recommends that respondent’s suspension be followed by placing respondent on probation for three years, as provided in rule 11.10(1). The terms of probation recommended are as follows: every ninety days respondent shall be required to file with the Clerk of the Supreme Court, with a copy to the headquarters office of The Florida Bar, a complete accounting of respondent’s trust account; further, proof of successful completion of a Bar approved ethics course within the first 180 days of practice.
Having carefully reviewed the record, we approve the findings and recommendations of the referee. The referee’s recommended discipline is more lenient than requested by The Florida Bar yet harsher than that requested by respondent. In mitigation, the referee concluded that he found no evidence of illegal activity on the part of respondent. Had The Florida Bar been able to prove, or had the record indicated, that respondent stole or profited from the unaccounted $10,000, The Florida Bar’s recommendation of disbarment would have been more in order.
Accordingly, the referee’s recommended discipline is adopted as the judgment of this Court, except that respondent need not file with the clerk of this Court an accounting of his trust account. Respondent’s suspension shall be effective thirty days from the date this opinion is final, thereby giving respondent time to protect the interests of his clients. Respondent shall accept no new business from the date of this opinion.
Judgment for costs in the amount of $4,713.06 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and ADKINS, BOYD, OVERTON, EHRLICH, SHAW and BARRETT, JJ., concur.