PER CURIAM.
These disciplinary proceedings are before us on complaint of The Florida Bar and the *430 uncontested report of the - referee. We have jurisdiction. Art. V, § 15, Fla. Const.
Three separate cases were consolidated and tried before the same referee. Case no. 67,135 involved respondent’s receiving a substantial fee to represent a client who was charged with a felony. By the time respondent’s representation commenced the charges had been reduced to a misdemeanor. Respondent failed to file a notice of appearance, did not review the court file, did not seek a continuance when it was necessary, and was unaware that a capias was issued for his client until after the fact. Respondent’s client was forced to secure the services of another attorney. The referee recommended that respondent be found guilty of violating the following disciplinary rules: 1-102(A)(4); 1-102(A)(5); 1-102(A)(6); 2-106(A); 2-106(B); 2-110(A)(2); 2-110(A)(3); 6-101(A)(3); 7-101(A)(1); 7-101(A)(2); 7-101(A)(3).
In case no. 67,720 respondent was retained by his client to resolve a problem with the client’s ex-husband vacating a building. Respondent secured a settlement of $400 plus costs for his client. Thereafter, the client unsuccessfully attempted, by mail, telephone and visits to respondent’s office, to obtain her money. The client eventually wrote The Florida Bar and was then contacted by opposing counsel who submitted an order to the judge for signature and obtained the client’s money for her. The referee recommended the respondent be fouhd guilty of violating the following disciplinary rules: 1-102(A)(6); 6-101(A)(3); 7-101(A)(l); 7-101(A)(2); 7-101(A)(3).
Case no. 67,903 involved respondent being paid a retainer fee by a client for representation in a civil suit. The client also, by contract, sold respondent his automobile to cover additional fees and costs. The referee found that there was no clear and convincing evidence of any ethical violations, as charged by the bar and recommended the respondent be found not guilty.
The referee recommended that respondent be suspended for a period of six months and that he bear the costs of the disciplinary proceedings.
We approve the report of the referee and adopt his recommendations. Accordingly, respondent is suspended from the practice of law for a period of six months. This suspension shall be served consecutively to the eighteen month suspension imposed by this Court in The Florida Bar v. Wagner, 497 So.2d 238 (Fla.1986). Respondent shall accept no new business during this suspension and shall bear the cost of these proceedings. Judgment for costs in the amount of $1,513.77 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and ADKINS, BOYD, OVERTON, EHRLICH, SHAW and BARRETT, JJ., concur.